1  Matthew Mellen (SBN: 233350)
   Sarah Adelaars (SBN: 281748)
2  MELLEN LAW FIRM
   411 Borel Ave, Suite 230
3  San Mateo, California 94402
   Telephone:    (650) 638-0120
4  Facsimile:    (650) 638-0125
   mellenlaw@yahoo.com
5
   Attorneys for Plaintiff
6  DEBRA GARCIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| DEBRA GARCIA, an individual,<br><br>        Plaintiff,<br>  v.<br><br>WELLS FARGO BANK, N.A., a business entity; U.S. BANK, N.A., a business entity and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO.: 4:13-cv-03670-PJH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:    December 11, 2013<br>Time:   9:00 a.m.<br>Judge:  Hon. Phyllis J. Hamilton<br>Ctrm:   3 – 3rd Floor<br><br>Action Filed:   August 7, 2013 |

**INTRODUCTION**

In the case at hand, Plaintiff sues her mortgage lenders for bad faith conduct and various misrepresentations meant to engineer an unlawful foreclosure. Specifically, Defendants told Plaintiff that she needed to be delinquent in her mortgage payments in order to obtain a loan modification and promised that Defendants would not initiate foreclosure proceedings against her property while she went late in pursuit of a loan modification. However, contrary to its representations, Defendant did just that. Plaintiff now risks the loss of her home and has suffered various harms, including the destruction of her credit, the accumulation of excessive arrears on the loan and expenditure of attorneys' fees.

Defendants' Motion to Dismiss is a misguided attempt to thwart the Court's attention away from the true allegations of Plaintiff's lawsuit. In its Motion to Dismiss, Defendants attempt to distract the court from the true facts of this case – Defendants' systematic practice of engaging in deceitful business practices. See Motion to Dismiss generally. Defendants wholly fail to acknowledge their involvement in ruining Plaintiff's credit and engineering Plaintiff's alleged default. As detailed below, Defendants' conduct has given rise to Plaintiff's several causes of action against Defendants, and accordingly, Defendants' Motion to Dismiss should be denied.

**I.    FACTUAL BACKGROUND**

On or about October 13, 2004, Plaintiff refinanced her mortgage loan for the property located at 164 Topaz Way, Livermore, California 94550 (hereinafter the "Property") with Defendant WELLS FARGO BANK (hereinafter "WELLS FARGO"). (FAC at ¶ 11). To secure financing, Plaintiff executed a Promissory Note and Deed of Trust in favor of WELLS FARGO. (Id.) Between late 2004 and July 2011, Plaintiff had reinstated her loan several times. (FAC at ¶ 13). In or around July 2011, Plaintiff contacted WELLS FARGO to inquire about a loan modification in order to obtain a reduced monthly mortgage payment and avoid future reinstatement. (Id.) Plaintiff spoke with Plaintiff spoke with Wells Fargo home preservation specialist, Herman Purewal, who told her very specifically that in order to be considered for a loan modification, she would have to be at least three months late on her mortgage payments.

(FAC at ¶ 13-14). At this point, Plaintiff was current in her loan payments and was ready willing and able to continue making her payments. (FAC at ¶ 14). Plaintiff was, understandably, uncomfortable with the idea of deliberately missing payments, so she asked Purewal about the consequences of so doing. (Id.) Specifically, Plaintiff inquired about whether her property would be placed into foreclosure for the payments she missed in pursuit of a loan modification. (Id.) At that, Purewal was absolutely clear that Plaintiff would need to be delinquent in her loan payments in order to be considered for a loan modification but that Wells Fargo's policy was to not foreclose on a property while the account reflected an open modification application. (Id.) Therefore, in reliance on Defendant's statements, Plaintiff began missing payments in July 2011. (FAC at ¶ 15).

After missing three payments as Purewal advised, Plaintiff contacted WELLS FARGO to apply for a loan modification. (Id.) Plaintiff eventually reached Purewal and submitted the required modification paperwork. (Id.) Purewal told Plaintiff that it would take a little time to get a decision on the modification but that Plaintiff would hear from Purewal with a decision by December 2011. (Id.) Soon thereafter, however, on or about October 19, 2011, Wells Fargo caused to be recorded with the Alameda County Recorder's Office, a Notice of Default regarding the Property. (Id.) The Notice of Default recorded on October 19, 2011 indicated that Plaintiff was in default for monthly payments beginning with July 2011, the very payments which Purewal instructed Plaintiff to skip! (FAC at ¶ 16). Thereafter, Defendant caused to be recorded a Notice of Trustee's Sale, which indicated that Plaintiff's property was scheduled to be sold on February 9, 2012. (Id.)

Feeling anxious and fearful of losing her property, Plaintiff made many attempts to contact Herman Purewal but never received a response. (FAC at ¶ 17). Then just a few days before the scheduled trustee's sale, Herman Purewal at last returned her call and told her that there was nothing he could do, Plaintiff could reinstate her loan for $22,269.77 or lose it at auction. (Id.) Although Plaintiff contested the reinstatement amount as it included trustee servicing fees, attorney's fees, and late fees, which were caused to be amassed by Defendants'

misconduct and which Plaintiff believed were waived when she was told to skip payments, Plaintiff paid the reinstatement amount in order to prevent the imminent loss of her home. (Id.)

In or around January 2013, Plaintiff again contacted Herman Purewal to reinstate her loan as she had done in the past. (FAC at ¶ 19). This time, Defendant was demanding approximately $36,000.00 from Plaintiff. (Id.) Plaintiff was shocked and couldn't believe that Defendant was again demanding excessive reinstatement funds from Plaintiff. (Id.) Plaintiff's suspicion regarding the excessive reinstatement calculation was later confirmed when, on or about April 5, 2013, Defendant caused to be recorded a Notice of Default for Plaintiff's property which indicated that she was $36,861.31 in arrears on her account, the same amount she had been provided months earlier! (Id.)

Additionally, Plaintiff made several unsuccessful attempts to reach her assigned point of contact, Herman Purewal, in 2013. (FAC at ¶ 23). When she spoke with other Wells Fargo representatives, she was given many excuses such as that Purewal was not working that day, was not in the office yet, was in a meeting, had gone to lunch, or that he was a stand-in manager for the day and was not available to take calls. (Id.) And although Plaintiff left Purewal numerous messages, he never returned her calls. (Id.) Further, even when Plaintiff made it clear that Herman Purewal was not returning her calls and attempted to receive help from other Wells Fargo Home Mortgage specialists, she was told that she would have to contact Purewal because he was her primary contact for the account. (FAC at ¶ 24). On February 19, 2013, Plaintiff received a notification that the loan has been referred to outside counsel to initiate foreclosure proceedings. (FAC at ¶ 25). On June 17, 2013, Plaintiff's account was assigned to a single point of contact, preservation specialist Alexandra Dominguez. (FAC at ¶ 30). Throughout this entire period of time, Plaintiff's property was dual tracked, and Plaintiff had no single point of contact with whom to speak regarding her loan status. (FAC at ¶ 31).

## II.  LEGAL ARGUMENT

### A.  Legal Standard

The courts have long held a strong policy in favor of determining disputes on the basis of their merits and not on technicalities of pleading rules. Foman v. Davis, 371 U.S. 178, 182

(1962). As such, dismissal is reserved for such cases where it is clear that a cause of action cannot be saved by any amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996).

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To survive a motion to dismiss, a plaintiff need only plead facts sufficient to "state a claim for relief that is plausible on its fact." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

A dismissal is only appropriate where the plaintiff fails to state a claim supportable by any cognizable legal theory. Balistreri v. Pacific Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only contain "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957) (abrogated on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. at 563 (2007)). For these reasons, dismissal without leave to amend is improper unless it is clear that a complaint could not be saved by any amendment. Schneider v. California DOC, 151 F.3d 1194, 1196 (9th Cir. 1998).

In this case, Plaintiff pleaded sufficient facts to allege the nature and extent of the wrongful conduct committed by Defendants. These factual allegations are thereafter incorporated by reference into each applicable Cause of Action. Each Cause of Action identifies its particular elements and the allegations made against Defendant. As such, Plaintiff has sufficiently pleaded allegations to place Defendant on notice of the claims against them and the grounds upon which those claims rest. Because of this, the motion to dismiss should be denied or, alternatively, Plaintiff should be granted leave to amend.

///

///

### B. Plaintiff Has Sufficiently Pleaded a Cause of Action for Wrongful Foreclosure.

Plaintiff has sufficiently pleaded Defendants' various violations of Cal. Civil Code §§ 2923.5 and 2923.7. Specifically, Plaintiff claims that Defendants violated § 2923.5 by failing to contact Plaintiff to discuss foreclosure prevention options prior to filing the Notice of Default. (FAC at ¶ 45). Further, Plaintiff claims that Defendants failed to assign an effective single point of contact (hereinafter "SPOC"). (FAC at ¶ 33-41). Defendants erroneously move to dismiss Plaintiff's cause of action for wrongful foreclosure on two erroneous grounds. First, Defendants argue that Plaintiff has failed to allege specific factual allegations to contradict the declaration in the Notice of Default. (MTD at p. 4, ln. 19-20). Second, Defendants argue that Plaintiff has failed to state a claim that she was not provided a SPOC under Cal. Civil Code § 2923.7. (MTD at p. 5, ln. 10-11). For the reasons stated below, Defendants' Motion to Dismiss as to this cause of action should be overruled or, in the alternative, Plaintiff should be granted leave to amend.

#### 1. Plaintiff Sufficiently Pleaded a Violation of Cal. Civil Code §2923.5.

Plaintiff's cause of action for violation of Cal. Civil Code §2923.5 is premised on the allegation that Defendants failed to contact Plaintiff in person or by telephone in order to assess Plaintiff's financial position and explore options that would avoid foreclosure at least 30 days prior to recording the Notice of Default on April 5, 2013. (FAC at ¶ 45). Defendant argues that the declaration included with the Notice of Default evidences presumptive compliance with the statute and that Plaintiff has failed to allege specific factual allegations to contradict the declaration. (MTD at p. 4, ln. 18-20). However, Defendants fail to realize that compliance with section 2923.5 is necessarily an individualized process, and a plaintiff can challenge the contents of the declaration for compliance with the statute. <u>Skov v. US Bank National Association,</u> 207 Cal.App.4th 690 (2012); <u>See</u> <u>Mabry v. Superior Court</u>, 185 Cal.App.4th 208, 212 (Cal. App. 4th 2010). Plaintiff has alleged specific factual allegations to contract the declaration. (FAC generally). Specifically, beginning in January 2013, Plaintiff attempted to contact WELLS FARGO to discuss available foreclosure prevention alternatives. (FAC at ¶ 38). Plaintiff left numerous messages for her apparent single point of contact, Herman Purewal, but her attempts to contact him were unsuccessful. (FAC at ¶ 44). In addition, when Plaintiff attempted to speak to

other Wells Fargo Home Mortgage Specialists, she was informed that she had to speak with Purewal because he was her primary contact. (FAC at ¶ 38). Basically, Plaintiff repeatedly attempted to contact WELLS FARGO to discuss foreclosure alternatives to no avail. Had Defendants actually contacted Plaintiff in person or by telephone in order to assess Plaintiff's financial position and explore options that would avoid foreclosure, Plaintiff would have pursued available alternative options, which was her goal since the beginning of 2013. Additionally, Plaintiff also alleges that Defendants did not advise Plaintiff that she had a right to request a subsequent meeting, and there was no meeting that occurred within the 14 day requirement. (FAC at ¶ 45). Therefore, Plaintiff has alleged specific factual allegations to contradict the declaration that Defendants contacted Plaintiff to discuss foreclosure alternatives prior to recording the Notice of Default. Furthermore, compliance with Cal. Civil Code § 2923.5 is a question of fact, inappropriate for disposition on a Motion to Dismiss. As such, Defendant's Motion to Dismiss as to Plaintiff's §2923.5 claim must be overruled.

### 2. **Plaintiff Sufficiently Pleaded a Violation of Cal. Civil Code §2923.7.**

California Civil Code § 2923.7(b)(1) requires that a single point of contact shall be responsible for communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options. In addition, California Civil Code § 2923.7(b)(3) requires that the single point of contact have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative. Finally, California Civil Code § 2923.7(b)(4) requires that the single point of contact ensures that a borrower is considered for all foreclosure prevention alternatives offered by the mortgage servicer, if any.

In the case at hand, Plaintiff alleges that Defendants violated California Civil Code 2923.7 when Defendants failed to assign an effective single point of contact responsible for timely, accurately, and adequately communicating with Plaintiff regarding foreclosure prevention alternatives. (FAC at ¶ 33-41). Defendants' argument that Plaintiff admits that she was appointed a SPOC and merely complains about her interactions with the SPOC is unavailing and

ignores the duties of the SPOC required by California Civil Code § 2923.7(b).  (MTD at p. 5, ln. 2-3).  Defendants mistakenly argue that Plaintiff does not allege any facts about the nature of these calls and what information Plaintiff was seeking for SPOC to provide.  (MTD at p. 5, ln. 6-8).  As is clearly stated in Plaintiff's FAC, beginning in January 2013, Plaintiff was seeking to reinstate and modify her first lien loan.  (FAC at ¶ 35).  Plaintiff unsuccessfully made numerous attempts to contact her apparent SPOC, Herman Purewal.  (FAC at ¶ 35).  Even when she tried to receive help from other Wells Fargo Home Mortgage specialists, Plaintiff was informed that she had to speak with Purewal because he was her primary contact.  (Id.)  It wasn't until June 17, 2013, after the Notice of Default was recorded, that Plaintiff was assigned a new SPOC, Alexandra Dominguez.  (FAC at ¶ 38). Therefore, Plaintiff has sufficiently alleged that Defendants failed to assign an effective SPOC responsible for communicating the process by which a borrower may apply for an available foreclosure prevention alternative foreclosure prevention alternatives.

Further, Defendants' argument that "[n]owhere does Civil Code section 2923.7 require or limit the SPOC to communicate by phone with the borrower" is confusing at best.  (MTD at p. 5, ln. 5-6).  Plaintiff never alleged that Defendants violated Civil Code section 2923.7 by not communicating by phone.  The allegation of this cause of action is based on the fact that Plaintiff could not communicate with Herman Purewal by any method of communication and thus Defendants failed to provide an effective SPOC to communicate available foreclosure prevention alternatives.  For these reasons, Defendants' motion to dismiss this cause of action must be overruled.

### C. Plaintiff Has Sufficiently Pleaded a Cause of Action for Breach of Contract.

Plaintiff alleges that Defendants breached Section 19 of the Deed of Trust by demanding inaccurate reinstatement amount from Plaintiff which includes trustee servicing fees, attorney's fees, and late fees which were caused to be amassed by Defendants' misconduct.  (FAC at ¶ 52-53).  Defendants move to dismiss Plaintiff's cause of action on three erroneous grounds.  First, Defendants argue that Plaintiff cannot claim that WELLS FARGO breached the Deed of Trust by charging the costs in incurred in enforcing its security interest in the property, which is allowed by the provision in the Deed of Trust.  (MTD at p. 6, ln. 4-7).  Second, Defendants argue that

Plaintiff fails to allege facts to establish that WELLS FARGO waived any of her obligations under the Deed of Trust. (MTD at p. 6, ln. 10-12). Finally, Defendants argue that because Plaintiff was in default on the loan from January 2008, she cannot maintain a cause of action for breach of contract. (MTD at p. 6, ln. 14-19).

First, Defendant conveniently fails to mention the allegation that it was due to Defendants' misconduct that the reinstatement amount includes trustee servicing fees, attorney's fees, and late fees. (MTD at p. 6, ln. 2-7; FAC at ¶ 53). California law has long held that an act naturally intending to cause forbearance will excuse or waive the debtor's performance. (FAC at ¶ 54). This is codified in Civil Code § 1511 as follows:

> The want of performance of an obligation, or of an offer of performance, in whole or in part, or any delay therein, is excused by the following causes…[w]hen the debtor is induced not to make it, **by any act** of the creditor intended or naturally tending to have that effect…

California Civil Code § 1511 (emphasis added). When this occurs, according to California Civil Code § 1512, the plaintiff is entitled to all the benefits of the contract had it been performed by both parties. Plaintiff alleges that Defendants breached the loan agreement when it demanded as a condition of reinstatement, the fees it waived when it told her to stop making payments in July 2011. (FAC at ¶ 55). Therefore, Defendants' argument that Plaintiff cannot in good faith claim that WELLS FARGO breached the Deed of Trust by charging the costs in incurred in enforcing its security interest in the property, which is allowed by the provision in the Deed of Trust fails.

Secondly, Defendants' erroneously argues that Plaintiff fails to allege facts to establish that WELLS FARGO waived any of her obligations under the Deed of Trust. (MTD at p. 6, ln.10-12). As stated in Plaintiff's FAC, in or around July 2011, Plaintiff spoke with Wells Fargo Home Preservation Specialist Herman Purewal who who told her very specifically that in order to be considered for a loan modification, she would have to be at least three months late on her mortgage payments. (FAC at ¶ 13-14). Purewal also told Plaintiff that Wells Fargo's policy was to not foreclose on a property while she was pursuing a loan modification. (Id.) Because

Defendants induced Plaintiff to not make payments on her loan, the fees included in the reinstatement amount were caused to be amassed by Defendants' misconduct. (FAC at ¶ 53).

Lastly, Defendants' argument that Plaintiff was essentially in default on the loan from January 2008 through present is false. (MTD at p. 6, ln. 15-17). Although Plaintiff had reinstated her loan several times prior to July 2011, she was current at the time she contacted Herman Purewal in July 2011. (FAC at ¶ 13-14). Defendants even state in the Statement of Relevant Facts that Plaintiff has appeared to have cured the default, resulting in Notices of Rescission in July 2008, March 2009, December 2009, and February 2012. (MTD at p. 1, ln. 25-26; p. 2, ln. 2-3; ln. 8-10; and ln. 15-16). Therefore, when Plaintiff contacted Herman Purewal in July 2011, she had reinstated her loan and was not in default. Therefore, Defendants' argument must be overruled.

### D. Plaintiff Has Sufficiently Pleaded A Cause Of Action For Breach of the Covenant of Good Faith and Fair Dealing.

Every contract contains an implied covenant on the part of each party not to prevent or hinder performance by the other party. Tanner v. Title Ins. & Trust Co. 20 Cal.2d 184 (1942). "[T]he implied covenant of good faith is read into contracts 'in order to protect the express covenants or promises of the contract.'" Id at 373 (quoting Foley v. Interactive Data Corp., 47 Cal.3d 654, 683-684 (1988)). In the case at hand, Plaintiff has alleged that Defendant interfered with Plaintiff's ability to enjoy the benefits of the loan agreements and her ability to make payments under the Deed of Trust by refusing to provide Plaintiff with an accurate reinstatement quote, as required by Covenant 19 of the Deed of Trust. (FAC at ¶ 13). Defendants move to dismiss this cause of action on three erroneous grounds. First, Defendants argue that Plaintiffs' cannot plead a cause of action for breach of the covenant in conjunction with a cause of action for breach of contract. (MTD at p. 7, ln. 5-6). Second, Defendants argue that the fees charged by Defendants as a condition for reinstatement are allowed by the Deed of Trust. (MTD at p. 7, ln. 21-28). Lastly, Defendants argue that Plaintiff did not fulfill its performance under the contract. (MTD at p. 8, ln. 1-7). For the foregoing reasons, however, each of Defendant's arguments necessarily fails.

Defendants' first argument that Plaintiff cannot state a claim for both breach of contract and breach of the implied covenant is clearly erroneous and the case that Defendants cite to in support of its position is inapplicable as it interprets a ruling on a motion for summary judgment, which has a different standard than a motion to dimiss. (MTD at p. 7, ln. 5-7). In fact, Defendants fail to realize that Plaintiff has a right to plead in the alternative causes of action, a right conferred to a party when the pleader is unsure what can be established by the evidence. (Adams v. Paul, (1995) 11 Cal.4th 583, 593).

Further, Defendants other arguments in support of its motion to dismiss this cause of action can, likewise, be dismissed, because as set forth fully above in Section II,C above (1) the Deed of Trust does not allow Defendants to charge an outrageous fee as a condition to reinstatement and (2) Plaintiffs were not in breach when Defendants charged her the excessive reinstatement fee. For these reasons, Defendants' Motion to Dismiss must be overruled.

### E.  Plaintiff Has Sufficiently Pleaded a Cause of Action for Violation of Cal. Civil Code § 2924, *et seq*.

Plaintiff's cause of action for violation of California Civil Code 2924c(a)(1) is premised on the allegations that Defendants demanded funds from her which were in excess of the amount necessary to reinstate her loan. (FAC at ¶ 68). Defendants argue that the allegation does not amount to a violation of this statute and Plaintiff's allegation that the reinstatement amount charged was "excessive" is insufficient. (MTD at p. 8, ln. 15-21). Even Defendants admit that the statute allows "all reasonable costs and expenses" incurred in enforcing the terms of the Deed of Trust. (MTD at p. 8, ln. 16-19). Plaintiff has alleged that Defendants charged excessive amount based on the fact that Defendant demanded approximately $36,000.00 from Plaintiff in January 2013. (FAC at ¶ 68). Then on or around April 5, 2013, Defendant caused to be recorded a Notice of Default which indicated that Plaintiff was in arrears for $36,861.31, the same amount she had been provided months earlier. (FAC at ¶ 19). Therefore, Plaintiff has alleged facts which support that the charges were excessive and, further, compliance with this section is a question of fact, inappropriate for disposition on a Motion to Dismiss. Therefore, Defendants' argument should be overruled.

**F. Plaintiff Has Sufficiently Pleaded Her Fraud Based Claims.**

Defendants incorrectly move to dismiss Plaintiff's fraud based claims on several equally unavailing grounds. First, Defendants claim that Plaintiff does not allege a misrepresentation as to a past or existing material fact. (MTD at p. 9, ln. 3-4). Second, Defendants argue that Plaintiff fails to meet the heightened pleading standard associated with fraud claims. (MTD at p. 9, ln. 11-12). Lastly, Defendants argue that Plaintiff does not and cannot allege reasonable reliance. (MTD at p. 10, ln. 3).

First and foremost, Plaintiff has alleged misrepresentations of existing fact, i.e. that Wells Fargo representative Purewal told her that Defendants had a policy to "not foreclose on borrowers pursuing a loan modification." (FAC at ¶ 72; 82). Defendants mistakenly argue that the representations relate to future course of events, not a past or existing fact. (MTD at p. 9, ln. 7-8). These misrepresentations about the existence of policies are actionable as they are misrepresentations about existing material facts. Therefore, Defendants' argument fails.

Secondly, Plaintiff has clearly pleaded the misrepresentations of which she complains. Generally, where a Plaintiff asserts a cause of action for fraud against a corporation, the plaintiff must also allege, "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto Ins. Co., 2 Cal.App.4th 153, 157 (1991). However, "less specificity is required when it appears from the nature of the allegations that the defendant must necessarily possess full information concerning the facts of the controversy." Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal.3d 197, 217 (1983). In the present case, Plaintiff has certainly pleaded with specificity by giving the name of Defendants' representative, Herman Purewal, and what was said by Purewal in or around July 2011. (FAC at ¶ 13-14). However, should the Court deem this insufficient, Plaintiff respectfully requests leave to amend.

Lastly, Plaintiff has sufficiently alleged reasonable reliance. Plaintiff pleaded that, in reliance on Defendants' representations, she did not make three payments under her loan, even though she was ready, willing and able to make the payments. (FAC at ¶ 14-15). Defendants do

1  not set forth any reasoning for why these allegations are insufficient. Instead, Defendants begin
2  to argue a statute of frauds defense. (MTD at p. 10, ln. 3-7). However, the Statute of Frauds does
3  not prevent Plaintiff's claims for this cause of action. While it is generally recognized that a
4  mortgage or deed of trust comes within the statute of frauds, it is inapplicable to the case at hand.
5  Secreset v. Security Nat'l Mortg. Loan Trust 2002-2, 167 Cal.App.4th 544, 552. Plaintiff's claim
6  rests on the argument that Defendants promised to refrain from foreclosure proceedings while
7  Plaintiff was pursuing a loan modification. (FAC at ¶ 13-14). In fact, contained in the Deed of
8  Trust is an explicit provision giving Defendants the authority to do just that, not initiate
9  foreclosure proceedings. Pursuant to the Deed of Trust at Section 9 (Protection of Lender's
10 Interest in the Property and Rights Under this Security Instrument), "Although Lender may take
11 action under this Section 9, Lender does not have to do so and is not under any duty or obligation
12 to do so." (Defendants' RJN, Exhibit 1). Therefore, the possibility of a postponement was
13 included in the contract, and does not constitute an oral modification of the contract. Because the
14 promise was not an oral modification of the Deed of Trust but instead was included in the express
15 terms of the Deed of Trust, it is not subject to the statute of frauds. Therefore, Defendants'
16 argument must be overruled.

### G. Plaintiff Has Sufficiently Pleaded An Unfair Competition Claim.

California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair or fraudulent" business practice. California Bus. & Prof. Code § 17200. The statute "has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices that specifically prescribed by any other law.'" Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)). Plaintiff's UCL claim is tethered to Defendants' violations of California law as set forth in the FAC. (FAC at ¶ 88-94). Defendants incorrectly object to Plaintiff's Claim for Violation of Business and Profession's Code § 17200 ("UCL Violation") *et seq* on the grounds that (1) Plaintiff lacks standing to sue under the UCL and (2) Plaintiff's underlying violations fail. (MTD at p. 10, ln. 13-14). For the reasons stated herein, each of Defendants' arguments fail.

### 1. Plaintiff Has Standing to Bring a UCL Claim.

Defendants incorrectly states that Plaintiff makes no attempt to allege any lost money or property that occurred as a result of the purported violations. (MTD at p. 10, ln. 24 to p. 11, ln. 1). Plaintiff has alleged actual damages including, but not limited to, increased late fees and arrears, destruction of credit, and expenditure of attorney's fees. (FAC at ¶ 57, 64, 76, and 86). However, Defendant apparently wants to ignore Plaintiff's specific allegations and the entire essence of her lawsuit. However, this does not defeat the fact that there is very clearly damages suffered. Defendant's motion to dismiss on this ground must be overruled.

### 2. Plaintiff Sufficiently Pleaded an Underlying Claim.

Contrary to Defendant's contentions, Plaintiff has alleged multiple violations of specific statutory and common law provisions which support her UCL claim. Specifically, Plaintiff has asserted causes of action for Breach of the Covenant of Good Faith and Fair Dealing, Promissory Estoppel, Violation of Cal Civ. Code § § 2924 and 2923.6, Violation of ECOA, Intentional Misrepresentation by Promissory Fraud, and Negligent Misrepresentation. Accordingly, the Court should deny Defendants' motion to dismiss with respect to Plaintiff's claim for violations of California Business and Professions Code § 17200. However, should the Court deem these allegations insufficient, Plaintiff should be granted leave to amend.

### III. CONCLUSION

Based on the foregoing arguments, Plaintiff respectfully requests that the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants be denied. However, should the Court deem his allegations insufficient, Plaintiff respectfully requests leave to amend.

DATED: October 29, 2013                                   Respectfully submitted,

                                                          MELLEN LAW FIRM

                                                          _/s/ Sarah Adelaars_____
                                                          Sarah Adelaars, Esq.
                                                          Attorney for Plaintiff
                                                          DEBRA GARCIA